**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rama K. HIRALAL;  Veena Vinodni**
**Hiralal, Defendants–Appellants.**

No. 04–15146.
D.C. No. CV–02–05825–SBA.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 13, 2005.

Decided April 29, 2005.

Charles B. Burch, Asst. U.S. Atty., USO—Office of the U.S. Attorney, Oakland, CA, for Plaintiff–Appellee.

Rama K. Hiralal, Taft, CA, pro se.

Veena Vinodni Hiralal, Taft, CA, pro se.

Katherine Anne Alfieri, San Francisco, CA, Peter F. Goldscheider, Palo Alto, CA, for Defendants–Appellants.

Before LAY,* B. FLETCHER, and HAWKINS, Circuit Judges.

* The Honorable Donald P. Lay, Senior United    States Circuit Judge for the Eighth Circuit,

## MEMORANDUM**

Rama and Veena Vinodni Hiralal were convicted for submitting false immigration documents to the Immigration and Naturalization Service, and were sentenced to forty-six and thirty-seven months in prison, respectively. Rama requested bail pending appeal, arguing that he had a severe heart condition that required medical treatment. The district court denied Rama's motion for bail pending appeal, and ultimately set a surrender date for the Hiralals on March 5, 2001.

Because of his allegedly severe heart condition, Rama sought a number of appeals in order to extend the surrender date beyond March 5, 2001. By March 19, 2001, Rama's final appeal was denied. The Hiralals also sought a direct appeal of their criminal conviction, which was eventually denied on April 13, 2001. Accordingly, Rama and Veena were required to voluntarily surrender to the United States on March 5, 2001. They did not surrender, however, and were apprehended by United States officials on May 10, 2001.

The Hiralals were charged under 18 U.S.C. § 1346 for "knowingly" failing to voluntarily surrender for service of their sentences pursuant to the district court's order. 18 U.S.C. § 3146(a)(2). On December 12, 2001, Rama and Veena pleaded guilty pursuant to plea agreements in which each of them declared that (1) despite the fact that the district court's order required them to do so, they did not surrender; and (2) they chose not to surrender and remained fugitives until their apprehension on May 10, 2001.

■ On appeal, the Hiralals now contend that their guilty pleas under § 3146 were not voluntary and intelligent within

the meaning of Rule 11 of the Federal Rules of Criminal Procedure. According to the Hiralals, although § 3146 states that a defendant must "knowingly" have failed to surrender, § 3146 also requires that a defendant "willfully" failed to surrender. The Hiralals argue that willfulness is a higher standard of proof than knowledge, and because it is a specific element of the offense of failure to voluntarily surrender, it must be established to show a violation of § 3146(a)(2).

We find the Hiralals's argument unpersuasive. First, the plea colloquy and the indictment tracked the language of § 3146 by using the word "knowingly." Employing the exact language utilized in the statute gives adequate notice to a defendant as to a charge. *United States v. Davis*, 336 F.3d 920, 922 (9th Cir.2003).

Second, in the Bail Reform Act of 1984, Congress abrogated 18 U.S.C. § 3150 and replaced it with 18 U.S.C. § 3146. Although § 3150 used the word "willfully," Congress replaced "willfully" with the word "knowingly" when it enacted § 3146. Despite the change of wording, Congress did not intend that within the context of § 3146, the words "willfully" and "knowingly" would be interpreted differently; in fact, Congress considered the two words to be equivalents in this context. *See* S.Rep. No. 98–225, at 31 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3214–15 (stating that "the Committee intends to perpetuate the concept of 'willfully' which appears in the current bail jumping statute. . . ."). Because "willfully" and "knowingly" have the same meaning in this context and the current statutory language of § 3146 only uses the word "knowingly," we find that

sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the Hiralals's guilty pleas were knowingly and voluntarily given.[1]

Rama Hiralal also argues that his attorney rendered ineffective assistance of counsel by failing to raise the "uncontrollable circumstances" defense in response to the failure to voluntarily surrender charge. Rama contends that his severe heart condition prevented him from voluntarily surrendering to authorities, and that he was prejudiced by his attorney's failure to raise the defense.

We find that Rama's heart condition did not prevent him from voluntarily surrendering. The "uncontrollable circumstances" defense applies when "something that cannot be managed, something that is ungovernable ... forestalls, frustrates, or deprives another of the power of acting." *United States v. Springer*, 51 F.3d 861, 866 (9th Cir.1995). Rama remained a fugitive for over two months and presented no evidence that over the two-month period, his heart condition physically prevented him from voluntarily surrendering. He made no attempt to apprize the government of his ongoing condition, and was eventually arrested at a residence other than his own. Because it is highly unlikely that the "uncontrollable circumstances" defense would have succeeded in his case, Rama cannot establish any prejudice resulting from the alleged ineffective assistance of counsel, nor can he establish that his attorney acted deficiently by choosing not to pursue the defense.

1. Rama and Veena Hiralal also argue that their counsel was ineffective because he failed to file a motion to dismiss the indictment for its failure to allege willfulness as an element of the crime. Because we find that it was appropriate to use only the word "knowingly," however, the Hiralals's claim is without merit.

The judgment of the district court is AFFIRMED.